AARON H. BETTS, Plaintiff in Error.

*vs.*

SAMUEL STEVENS, Defendant in Error.

ERROR TO THE CALUMET CIRCUIT COURT.

An affidavit of the plaintiff is not an absolutely essential prerequisite to the appointment, by a justice of the peace, of a person to serve a summons in place of an officer; other " credible evidence" may be sufficient to satisfy the justice that the process will not be executed for " want of an officer to be had in time."

The *return* of the person serving process under the appointment of the justice in such case, need not be verified by affidavit.

The defendant in error brought an action against the plaintiff in error before a justice of the peace, wherein he recovered a judgment, and the defendant therein appealed to the county court of Calumet county. The cause was removed from thence, by change of venue, on the application of the plaintiff below, to the circuit court of Calumet county, and pending there, the defendant filed a motion to dismiss the cause for the following reasons :

" 1st. Because no affidavit was filed with the justice suffi-"cient to justify the appointment of Lewis Bowman to execute " and return the attachment in this cause.

" 2d. There was no proof before the justice, and there is " none before this court, that the writ of attachment issued in " this cause was duly served."

This motion to dismiss was denied by the court, and a jury being waived, the cause was tried by the court, who gave judgment for the plaintiff below in the sum of $58.56 damages and costs.

*R. P. Eaton,* for plaintiff in error.

*D. E. Wood,* for defendant in error.

Betts vs. Stevens.

*By the Court,* WHITON, C. J. The error complained of in this case is that the circuit court had no jurisdiction. This supposed want of jurisdiction arises from the fact, (as the counsel for the plaintiff contends), that the justice before whom the cause was first tried had no jurisdiction. Hence the plaintiff in error contends that the circuit court did not obtain jurisdiction by the appeal to the county court and the change of venue from that court.

The alleged reason why the justice did not acquire jurisdiction is, that the writ was not properly served.

It appears that the service was made by one Lewis Bowman, who was not an officer authorized to serve process, but who was authorized to serve the writ in this case by the justice. The Revised Statutes provide (chapt. 88 § 30), that every justice issuing any process, upon being satisfied by the affidavit of the plaintiff, or other credible evidence, that such process will not be executed for want of an officer to be had in time to execute the same, may empower any suitable person, not being a party to the suit, to execute the same, &c. This section also provides that the person so empowered shall possess all the authority of a constable in relation to the execution of such process.

The objection made to the appointment of Bowman by the justice is, that its necessity was not shown by the affidavit of the plaintiff. It will be seen that the affidavit was not necessary; any credible evidence was sufficient.

The counsel for the plaintiff in error also objects to the return made by Bowman to the writ because it was not sworn to. It is a sufficient answer to this objection to say that no oath is required; as the section of the revised statutes above referred to, provides that the person appointed by the justice shall have the same authority in relation to the execution of such process as a constable; he therefore could make his return in the same manner.

The judgment must be affirmed.